UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEREMY DESHON FEAGIN,

       Petitioner,

v.                                    Case No. 2:09-cv-245
                                    HON. R. ALLAN EDGAR

CATHERINE BAUMAN,

       Respondent.

_____/

## MEMORANDUM AND ORDER

Jeremy Deshon Feagin ("Feagin"), a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d).

On December 21, 2009, Magistrate Judge Greeley submitted his report [Doc. No. 3] recommending that the habeas petition be denied and dismissed with prejudice on the ground it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). The report and recommendation correctly found that Feagin has failed to establish that he is entitled to equitable tolling of the statute of limitations. It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether all of Feagin's habeas claims should be dismissed on the ground that they are time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack v. McDaniel*, 529 U.S. 473 (2000).

Feagin objects to the report and recommendation. [Doc. No. 4]. He asks that the Court grant

him "some kind of relief." The Court liberally construes this as a request for equitable tolling of the statute of limitations. Feagin contends he is inexperienced in the law and he did not know the correct deadline for filing his habeas petition under the statute of limitations, 28 U.S.C. § 2244(d)(1)(A). Feagin asserts that he believed January 9, 2010, was the deadline for filing his 28 U.S.C. § 2254 habeas petition. It is further argued that one reason Feagin did not file his habeas petition within the time limit required by the statute of limitations is that he relied on bad legal advice from "legal writers" within MDOC.

After reviewing the record *de novo*, the Court concludes that Feagin's objection to the report and recommendation is without merit and must be denied. His habeas petition will be denied and dismissed with prejudice on the ground that it is time-barred by statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis*, 287 Fed. Appx. 450, 455 (6th Cir. 2008); *Souter v. Jones*, 395 F.3d 577, 588(6th Cir. 2005). Feagin bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly*, 304 Fed. Appx. at 417; *McSwain*, 287 Fed. Appx. at 456; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005) (per curiam); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Connolly*, 304 Fed. Appx. at 417; *McSwain*, 287 Fed. Appx. at 456; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).

The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a

litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond his control. *McSwain*, 287 Fed. Appx. at 456; *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Feagin must show he has been diligently pursuing his rights, and that some extraordinary circumstance beyond his control stood in his way and prevented him from filing his habeas petition with the time limit required by the statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 335-36 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

In determining whether equitable tolling should apply, the Court considers the following factors: (1) petitioner Feagin's lack of actual notice or actual knowledge of the filing requirement; (2) his constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) Feagin's reasonableness in remaining ignorant of the legal requirement for filing his habeas petition within the statute of limitations. This list of factors is not necessarily comprehensive, and all five factors are not relevant in all cases. *Sherwood*, 579 F.3d at 588; *McSwain*, 287 Fed. Appx. at 455; *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Allen*, 366 F.3d at 401; *Dunlap*, 250 F.3d at 1008.

After reviewing the record *de novo* and considering these factors, the Court finds that Feagin has not met his burden of showing he is entitled to equitable tolling of the statute of limitations. Feagin's lack of familiarity with the process for seeking post-conviction habeas relief under 28 U.S.C. § 2254 and the application of the statute of limitations in 28 U.S.C. § 2244(d)(1)(A), and any other general lack of education, are insufficient to warrant equitable tolling. Feagin's miscalculation of the statute of limitations due to his ignorance of the law is insufficient to warrant equitable tolling. Ignorance of the law alone is not a valid reason for equitable tolling, even for imprisoned *pro se*

habeas petitioners. *Craig v. White*, 227 Fed. Appx. 480, 482 (6th Cir. 2007); *McSwain*, 287 Fed. Appx. at 456; *Harvey v. Jones*, 179 Fed. Appx. 294, 299-300 (6th Cir. 2006); *Jagodka,* 148 Fed. Appx. at 347; *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Allen*, 366 F.3d at 403; *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Moreover, if Feagin's misunderstanding about calculating the filing deadline under the statute of limitations is the result of his reliance on unreasonable and incorrect legal advice provided to him by an attorney or paralegals within the MDOC, this is insufficient to warrant equitable tolling. A habeas petitioner's reliance on the unreasonable and incorrect legal advice of his attorney is not a valid ground for equitable tolling of the statute of limitations. *Lawrence*, 549 U.S. at 336-37; *McSwain*, 287 Fed. Appx. at 457; *Allen*, 366 F.3d at 403; *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003).

Accordingly, Feagin's objection to the Magistrate Judge's report and recommendation [Doc. No. 4] is **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation [Doc. No. 3] pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). For the reasons expressed in the report and recommendation and in this opinion, the petition for writ of habeas corpus brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

If petitioner Feagin files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be denied pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find it debatable whether Feagin's habeas claims have been properly dismissed on the ground that they are time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

For the same reasons that the Court dismisses the 28 U.S.C. § 2254 habeas petition, the Court finds there is no good-faith basis for an appeal. Any appeal by Feagin from the judgment in this case would be frivolous and not taken in good faith. If Feagin files an application or motion for leave to proceed on appeal *in forma pauperis*, it shall be denied pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a).

A separate judgment will enter.

SO ORDERED.

Dated: February 2, 2010.


          */s/ R. Allan Edgar*
          R. ALLAN EDGAR
          UNITED STATES DISTRICT JUDGE